Good morning everyone we will start this morning with our first case that's up FCA US versus New City Historic Auto Row LLC and that is case number 21-1670. Good morning. Good morning Your Honors and happy Friday the Memorial Day weekend. Same to you thank you. May it please the court my name is Nick Tancredi I'm attorney for appellant New City Historic Auto Row. Your Honors as you know when Congress fashioned the so mindful of the fact that in the normal course of commerce there are going to be parties that are injured and they wanted to minimize the disruption to the normal commerce across the country. They also wanted to provide a vehicle for protection and healing so that a troubled company could access the power of the court to provide an opportunity to be protected from forces that it was struggling with and also giving it a chance to heal. The court is presented today with an opportunity to correct misinterpretation of the lower courts and their misapplication of the clear standards provided by the United States Supreme Court in a case we presented of New Hampshire versus Maine. The lower courts incorrectly applied principles of estoppel, judicial estoppel, even though neither was appropriate in this case. Clearly and the basic bankruptcy case which lasted basically six months, New City Historic Auto Row should not have the burden of being penalized for not listing its claims. It was only in bankruptcy for six months. None of the standards of the Supreme Court's precedent applied. It achieved no benefit during that six month period. Well it did more than just not list the claims didn't it? It affirmatively represented that it possessed no contingent and unliquidated claims or causes of action of any nature. And your honor again at that point given the fact that it was presenting itself you know for the protection of chapter 11 within the system of the trustee you would reasonably anticipate that through the interaction with the trustee that those claims would have been elicited. It's an unfair burden to expect a injured business to be cognizant. How is it unfair though if the injured business might have access to a claim or money somewhere that could go to satisfy debts in the bankruptcy? Why is it unreasonable to put it on the business? That happens all the time in bankruptcy. I'm sure it does your honor. At the same time if you look at the facts of this case it was only in that process for a short six month period. It went there. But misrepresentations don't depend upon a length of time. It's what you know when you're filling out that form and making representations to the court and who a business a failing business is certainly in a better position to know what its claims might be than a trustee is. At the time that one seeks help your honor the primary factor in front of the party is to seek help and these other factors some of these claims are relatively complex your honor and the party seeking help reasonably anticipates that through the process of working with the trustee that all proper claims will be evaluated. Similarly your honor the trustee had an obligation to identify all of the assets of the injured party. These are potential future claims. The company's in a much better position to know what it might have than the trustee. Without question your honor that's true but the company was injured your honor that's why it presented to chapter 11. Mr. Tancredi did the company have lawyers when they filed for bankruptcy? Yes your honor. And it was what I was a FCA was the auto was the auto manufacturer that provided the cars to New City right? That's correct your honor and as are set out New City has set out a number of facts to indicate that it was the victim of a common practice which is channel stuffing. Yeah but why why was this not no I just why was this not an obvious creditor to New City why was this not obvious because that's how dealerships work I mean dealers make their money from the manufacturers not not from people like you and me that buy cars I mean the markup on a car when you and I buy a car the profit to the dealership is very very small right the profit to the dealership comes from the manufacturer incentives and things like that that the manufacturer is then going to pay the dealer so it just seems to me that it would be obvious to any car dealer that a potential creditor would be the manufacturer. Undoubtedly your honor but again at the time what we're dealing with is an injured party presenting itself. But that's always the case in litigation I mean I think because that's how you know plaintiffs if they don't have injury they don't have standing so we're always dealing with a plaintiff that is injured in some way. Chapter 11 your honor is the vehicle that Congress developed so that the injured business when it is overwhelmed when it is dealing with more than it's capable of can find some level of protection and healing so one presents seeking the competent professional and actually compassionate to a certain extent care that an injured person might expect when he presents to an emergency room of a leading hospital. Instead you could look at what happened here and say the dynamic was more akin to that provided to a stolen car dumped at a chop shop. There were obligations on the trustee that he came for help he came for sanctuary or New City came for help and sanctuary. There was an obligation on the trustee to fairly assess what the assets were and undoubtedly you know the the dynamics were were obvious we believe that the predatory actions of Pricelar and Santander together you know were obvious. Channel stuffing is is well recorded. Accordingly your honor the lower courts failed to properly apply the Supreme Court standards and therefore we ask we ask for the opportunity to have an on-remand so that we can fully litigate the unclean hands aspect as far as Santander goes and we ask the recognition of the court that the standards set by the Supreme Court in New Hampshire versus Maine were not met. Do you have any other questions your honors? You can reserve the rest of your time for rebuttal. Thank you your honor. Thank you. Ms. Bebu, good morning. May it please the court my name is Deborah DeVassie Bebu and I represent Appalachia Santander Bank. This appeal highlights why the doctrines of judicial estoppel and collateral estoppel exist. Appellant New City is a party that over again regardless of prior adverse judgments. New City's previous positions in other related cases should have stopped New City from asserting any claim to the disputed funds that issue in this case and this court should affirm the lower courts judgment. The lower court properly concluded that Santander had a first priority security interest in the disputed funds. The disputed funds are general intangibles or payment intangibles under article 9 102 of the UCC. The disputed funds are factory credits and incentive payments owed to New City by FCA. Under the floor plan agreement New City granted Santander a security interest in the disputed funds specifically naming factory credits open account payments and holdbacks and incentive payments. Santander perfected its first priority security interest in these payment intangibles and general intangibles by filing a UCC one against New City before any other creditor. Security interest in general intangibles is perfected through a UCC filing and Santander filed the same against New City in May of 2016 against all assets of New City. A filing against all assets is sufficient as a matter of law under article 9-504 and in a recent case from this court from 2019 in rate I-80 equipment LLC. New City's other or more after Santander so Santander was first in line for these payments. Ms. Babu and I I take it Mr. Tancredi's position is that all things being equal they're not contesting Santander's right to the funds except for these other kind of cross-claims and affirmative defenses they're asserting but my question is in this early in the earlier action the one with Judge Blakey the court was sitting in diversity jurisdiction so then when it gets to the district court here Judge Lee why doesn't Illinois law apply to determine the previous judgments preclusive effect? Illinois law applies to the extent of Santander security interest since New City's located in Illinois but for issue preclusion for collateral collateral estoppel a federal court that's in diversity would look at the elements of federal collateral estoppel. Did I answer your question? You answered my question based on your view yes. Would you win under Illinois law if we concluded that Illinois law actually applied for the prior? Yes the elements I believe are substantially the same under Illinois law as well for collateral estoppel. Okay and what about claim preclusion if the court had applied claim preclusion instead? So race judicata instead of? Yes. Yes I believe the elements are substantially the same as well. Okay. Do you agree Ms. Babu that it is a bit unusual to apply collateral estoppel as the court did here on the basis of a default judgment? I agree it might be unusual but certainly not unheard of. This goes to one of the elements of claim preclusion or issue preclusion is whether the matter was actually litigated and this court has held as other circuits and other courts have held that even a default judgment can be said it can be considered actually litigated. In the Seventh Circuit this is In re Cat. It's a Seventh Circuit. It's fair to apply collateral estoppel here is because New City actively participated in the litigation before Judge Blakey for about two years. It was represented by three different law firms after the third law firm withdrew from the case that and Judge Blakey allowed New City ample opportunity to find other counsel to represent it and warn New City a couple of times if you don't find new counsel I'm going to enter a default judgment against you and ultimately that's what happened because New City was unable to find another law firm to represent it but the fact that it's a default judgment shouldn't mean that collateral estoppel does not apply. And what is the precise issue that Judge Blakey decided in the Riplevin issue that would have the collateral estoppel here would apply to? I think it's two things. One Judge Blakey determined that Santander had a first priority security interest in the collateral and that was broadly defined in the security agreement in the floor plan agreement to include these payment intangibles. Now what Judge Blakey looked specifically at was the the car inventory so it was not specifically the payment intangibles but he validated Santander's security interest first priority security interest. The way the lower court looked at it was the issue to be precluded was whether or not New City had valid claims or defenses against Santander. New City had asserted three different counterclaims against Santander in that case before Judge Blakey. One was a breach of contract matter for breach of the floor plan agreement. Second was tortious interference with a contract and it was the exact same issue that New City's claiming now that FCA allegedly shipped 80 cars to New City without New City's consent or authorization and Santander paid for those cars. So is it the liability to Santander under the floor plan agreement or is it the dismissal of the counterclaims? The dismissal of the counterclaims. So that's the issue that you think was decided in the Rupp-Levin action? Yes, correct. For purposes of collateral establishment? Yes. I think it's both. I think it's both the validity of Santander's security interest first priority security interest which includes these these payments but also that New City's claims and defenses against Santander are without merit because all of the counterclaims against Santander were dismissed. One was dismissed with prejudice after briefing Santander's motion for to dismiss and the other two counterclaims were dismissed for want of prosecution in conjunction with the default judgment. Would you like me to go back to the judicial estoppel? It's your With respect to the record, Mr. Tancredi indicated that a Chapter 7 trustee was appointed. This was a Chapter 11 case so I don't recall any Chapter 7 trustee being appointed in the case. The U.S. trustee of course was involved and it was the U.S. trustee that filed a motion to dismiss or convert the case from Chapter 11 to Chapter 7. New City opposed that motion. I don't recall New City's motion. New City did voice an objection to it. Ultimately I believe the hearing was continued once or twice and then the U.S. trustee's motion was granted but no Chapter 7 trustee was appointed and the U.S. trustee's motion was granted over New City's objection. Turning to the merits of that though the Supreme Court has said that judicial estoppel shouldn't apply in cases of inadvertence or mistake and we have said that judicial estoppel requires an mislead. So given this was the District Court's consideration of New City's mistake defense so to speak sufficient here to support application of judicial estoppel? I think the lower court properly found that there could not be any advertence or mistake in New City not listing any claims against FCA Santander or anyone else. This court or courts within this circuit have held that a debtor has knowledge of a claim when it is aware of facts giving rise to the claim and the debtor doesn't need to be aware of all of the facts but just enough facts giving rise to the claim and here it's undisputed that New City certainly was aware of all the facts giving rise to the claim. Does awareness of the claims equal lack of mistake? I think it's difficult for a party to claim mistake when they're aware I mean this is the first time in all after all these years we're hearing that there was a mistake in New City's chapter 11 bankruptcy filing that really there were these claims you know to be asserted against Santander and FCA. So I guess I would say a debtor cannot claim inadvertence or mistake when it's aware of facts giving rise to the claim and then fails to assert those claims. And where do you see the District Court doing that analysis? The District Court, if you just give me one moment, of mistake and intent to mislead specifically. I believe the District Court in its opinion held that there could well no let me backtrack. Inadvertence or mistake was raised for the first time on appeal so the lower court did not have the opportunity to for New City to have left it off its chapter 11 bankruptcy filing. So the decision that's on appeal today I don't believe that the lower court analyzed that. As I mentioned by the time New City filed its chapter 11 bankruptcy case it was aware of all the facts. The alleged shipment of the cars by FCA occurred in December of 2016 and New City filed its bankruptcy case in July of 2018. My colleague FCA's counsel can address this more more precisely but I believe in January of 2018 New City had also filed a protest against FCA alleging the exact same facts that were that are in dispute now. That FCA allegedly shipped these vehicles without New City's consent. So New City was clearly aware aware of it aware of the facts regarding this alleged claim yet never bothered to assert it in its bankruptcy case. Was the replevin action filed during that time period as well? I thought that was before the bankruptcy it wouldn't that have put them on notice. Yes so the replevin action was filed in January of 2018 and New City or Santander obtained a replevin order had a UCC sale set up for July of 2018 and the night before the UCC sale is when New City filed for a chapter 11 bankruptcy thus staying the UCC sale. Santander. Wouldn't that have put New City on notice? Absolutely. By then absolutely. I see my time here is almost up. Are there any further questions? No thank you very much. Thank you. Good morning. Good morning. May it please the court. My name is Mark Clowart. I'm here on behalf of plaintiff Appley FCA US LLC. I'd like to start out by addressing a couple points made by New City in its initial argument. The first was the fact that New City apparently didn't receive any benefit from failing to list these choses of action. It's simply not supported. Here they were able to thwart the UCC sale which Santander's counsel just talked about it frankly it was filed on the eve of that sale and second they were able to stay the termination action of FCA US. So back in about March of 2018 about four months before the bankruptcy petition was filed FCA had sent a notice of termination and pursuant to the applicable Illinois acts New City had filed a protest and in that protest they asserted exactly those facts upon which they're now claiming they didn't or weren't aware of and didn't and failed to list in the bankruptcy court namely that FCA had shipped them unwanted vehicles. So I would push back on the fact that there was no benefit achieved by the debtor. Also there was a statement made about there's an unfair burden for an injured business to list all causes of action. Well here and going back to some of the discussion with Santander's counsel they were well aware of the causes of action. The replevant action had been filed, counterclaims had been filed on these exact points. The notice of termination had been challenged in a protest before the Illinois Motor Vehicle Review Board wherein the exact offense was relating to the alleged mishipment of vehicles and then there was an August 2018 declaration of the debtor Mr. Helmstetter wherein he referred to the mishipment of vehicles. So after all three of those actions the debtor then filed a schedule, an amended schedule, and a second amended schedule and failed to list any cause of action. Additionally the trustee then filed his motion to either convert or dismiss to which no response was filed. There was an opportunity certainly to file a response and bring up the fact oh wait a minute we actually do have causes of action. That did not happen and that chapter 11 case was dismissed. It was not voluntarily dismissed as represented in the pleadings. It was dismissed. There was also a reference to future claims being listed. These weren't even future claims. These were claims that should have been listed. Frankly the protest action was pending and stayed. So query why that wasn't listed as an actual claim. It wasn't a future claim. It wasn't potential. It was actual and existing and should have been listed. Now there's been reference to the New City. You know I believe there was awareness as I've cited to on those couple occasions and I believe the district court discussed that all the awareness and that could be found at supplemental appendix numbers are page six and that's the transcript of the hearing where the district court judge elicited his opinions on the motion to dismiss the counterclaims asserted by New City. Your time is up. If you want to say one last thing go ahead but your time is up. No thank you. All right. Thank you. Mr. Tancred. Initially your honors just one one point. In my preparation for preparing the pleadings in this case I did interview New City personnel and I was that ultimately I was informed that the dismissal was was voluntary. I noticed in preparing for today that there was mention of an involuntary dismissal and I apologize for not having clarified that earlier. Your honors the basic point here is still what did Congress intend. Congress intended that injured so that they could regroup. By way of context your honor and with the court's permission please allow me to share. I was commissioned in the infantry in 1974. I continued my connection with US Armed Forces until 1992 when I finished a special counsel with the Department of Defense. I've sat in on any number of after-action reports of different conflicts. One comment that I've heard over and over again over the years was that's a great thought. Where were you when the shells were coming down? And I present that to the court to ask the court to consider the position of a business that is so overwhelmed that it must seek chapter 11 protection. And that the idea is is whatever they're fighting right at the moment they hope that by going through the process that matters matters can be appropriately addressed. And certainly this process was under the overall supervision of the US trustee working together. Mr. Tancredi was your argument of inadvertence or mistake waived by failure to raise it below in front of Judge Lee? I don't think it's possible to waive that kind of argument your honor because it's an essential element of the offense. I excuse me central element of the of the application of the doctrine. So I don't I don't believe it's it's capable of being waived. And also your honor I think it falls within the general scope of the other matters that we presented to the court. And to highlight I think there is a particular reason why the Supreme Court and courts have said that there should be an affirmative showing of an intent to deceive. Because again you're dealing with a tumultuous situation. You're dealing with trying to take someone who's coming off of the field of the bloodless battle of the sea of commerce if you will. And is trying to minimize the disruption regain its ability to move forward. There was no intent to deceive. So the application of the doctrine simply doesn't apply. I don't think the federal rules contemplate that you could never raise what you wanted to raise with the district court with Judge Lee. It's just about a matter of when. And so in in your view how should the district court have what standard should the district court have applied when looking at when you raise to these counterclaims and affirmative defenses against New City you know and and does it make a difference additionally whether we categorize them as cross claims or affirmative defenses. Well I I believe that even if the court were to find that the cross claims may have been inappropriate. New City would still have the right to assert its affirmative defenses. I mean that would be that would be the difference although we obviously would claim that both survive. The bottom line your honor is that New City seeks the benefit of the judicial system. We seek the opportunity for an evidentiary hearing. They the facts the factual predicate we believe is there that they were the victim of the predatory practice of channel stuffing which is you know frankly common you know common reported across a number of instances. They ask for access to the judicial system and the adversary process the evidentiary hearing that we believe Congress intended. Very simply your honors again Congress we believe expected that businesses that present themselves under chapter 11 would receive competent compassionate care not summarily being processed. So we asked the courts consideration of the situation of New City and we respectfully ask for the opportunity for an evidentiary hearing. Thank you your honor. Thank you Mr. Tancredi. Thanks to all counsel the case will be taken under advisement.